UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62095-BLOOM
Underlying Bankruptcy Case No. 17-bk-22819

MOFFA & BREUER, PLLC,

    Appellant,

v.

SPIRO MARCHELOS, *et al.*,

    Appellees.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon the appeal by Appellant Moffa & Breuer, PLLC ("Moffa" or "Appellant"). Moffa seeks review of a final order issued on August 20, 2018, by the United States Bankruptcy Court for the Southern District of Florida, which denied its final fee application in its entirety ("Order"). *See In re: Fisherman's Pier, Inc.*, Case No. 17-22819-RBR (the "Bankruptcy Case"), ECF No. [477].[1]  The Court has considered Appellant's Brief ("Appeal"), ECF No. [14], the supporting and opposing submissions, the record and the applicable law. For the reasons that follow, the Appeal is denied and the Bankruptcy Court's Order is affirmed

    **I.**    **BACKGROUND**

The following are the facts relevant to this Appeal. On October 23, 2017, Martha Marchelos ("Martha"), purporting to act in the capacity of President of the Debtor Fisherman's Pier, Inc. (the "Debtor"), and represented by Moffa, filed a Voluntary Petition under Chapter 11

---

[1] The Court will refer to docket entries in the Bankruptcy Case as "BK ECF," and docket entries in the instant appeal as "ECF."

(the "Petition"). *See* BK ECF No. [1]. Spiro Marchelos ("Spiro") and Martha have litigated the issues of management and control of the Debtor since 2014 in a Florida state court action (the "State Court Action") (*Marchelos v. Fisherman's Pier, Inc. et al.*, Case No. 14-017994-CACE(07)). BK ECF No. [23], at 13-21. Spiro and Martha entered into a mediated settlement agreement on March 24, 2015, in which they agreed that Spiro and Martha each held 50% of the stock of Fisherman's Pier. *Id.* at 4. The parties also agreed that Spiro would continue to manage Fisherman's Pier, as President and Director of the corporation. *Id.* As of February 6, 2017, Spiro was formally elected President of Fisherman's Pier. *Id.* at 5.

Spiro filed an emergency motion to dismiss the Petition as a bad faith filing. BK ECF No. [23]. In that motion, Spiro asserted that he was the Debtor's true president and a 50% shareholder. Spiro also indicated that he never consented to the filing of the Petition. The Bankruptcy Court reserved ruling on the motion to dismiss but granted the parties relief from the automatic stay to litigate issues related to ownership and control of the debtor's stock in the State Court Action. BK ECF No. [131]. On January 22, 2018, the court in the State Court Action confirmed Spiro's status as the Debtor's president, finding that "Martha Marchelos had no authority to unilaterally act on behalf of Fisherman's Pier, Inc." ECF No. [5-4], at 317-321

While the issues regarding ownership were still being litigated, Appellant continued to litigate the Bankruptcy Case. Disputes over corporate authority and resulting management issues led the United States Trustee to move for the appointment of a Chapter 11 trustee to operate the debtor and administer the estate. On December 13, 2017, the Bankruptcy Court granted the motion to appoint the Chapter 11 trustee. BK ECF No. [119].

Despite Moffa's legal representation of the Debtor, on January 26, 2018, Moffa filed a notice of appearance on behalf of the J.J. Rissell, Allentown PA, Trust, dated January 11, 2018

2

(the "Trust"). BK ECF No. [160]. John Moffa served as trustee of the Trust, which owned the stock of Fisherman's Pier that previously belonged to Elias Marchelos (Martha's husband). BK ECF No. [250], at 2. On March 20, 2018, the Bankruptcy Court entered an amended order disqualifying Moffa from representing the Trust at the same time as representing the Debtor. BK ECF No. [250]. Then on April 9, 2018, the Bankruptcy Court entered an order granting Spiro's motion to disqualify Moffa from representing the Debtor. BK ECF No. [279]. On May 2, 2018, the Chapter 11 trustee and Spiro jointly filed a plan of reorganization. BK ECF No. [287]. On May 11, 2018, Moffa filed a motion to represent the Trust due to a change in circumstances. BK ECF No. [297]. In that motion, Moffa argued that since it no longer represented the Debtor, a conflict of interest was no longer present and it could now represent the Trust. *Id.* at 2. Despite the Bankruptcy Court's explicit ruling that Moffa could not represent the Trust, also on May 11, 2018, Moffa filed a competing Chapter 11 plan on behalf of the Trust. BK ECF No. [299]. The plan provided that Moffa would be the president of, and would manage, the reorganized debtor. *Id.* at 12. On June 8, 2018, the Bankruptcy Court denied the motion to represent the Trust, BK ECF No. [330], and then ordered the Trust's competing chapter 11 plan, disclosure statement and adversary proceeding to be stricken from the record. *Id.* The Bankruptcy Court determined that the former client conflict rule set forth in Rule 4-1.9 of the Rules Regulating the Florida Bar prohibited Moffa from representing the Trust due to its former representation of the debtor. Moffa, having formerly represented the debtor, "cannot now represent the [s]hareholder Trust . . . against Spiro, the [p]resident and other 50% stockholder of the [d]ebtor." *Id.* at 7.

Despite the Bankruptcy Court's explicit rulings that Moffa had been disqualified as counsel, on July 16, 2018, Moffa filed a ballot rejecting the plan proposed by the trustee and Spiro Marchelos, an objection to plan confirmation, and a motion to dismiss the bankruptcy case. BK

3

ECF Nos. [388], [389], [390]. The Bankruptcy Court *sua sponte* entered an order to show cause why Moffa should not be reprimanded or otherwise disciplined for filing papers in contravention of the court's ***multiple prior orders*** disqualifying Moffa from representing the Trust. BK ECF No. [393].

On March 14, 2018, Moffa, as "former counsel for the debtor in possession," filed a fee application, seeking $109,912.00 in fees for services performed, and $6,381.22 in expenses incurred, during the application period of October 13, 2017 through January 26, 2018. BK ECF No. [231]. On July 31, 2018, the Bankruptcy Court conducted an evidentiary hearing to consider Moffa's fee application and thereafter entered an order denying Moffa's fee application in full on August 20, 2018 (the "Order"). BK ECF No. [477].

Appellant has now filed the instant Appeal, arguing that the Bankruptcy Court abused its discretion in denying its fee application in its entirety and made clearly erroneous factual findings in conducting its analysis in the Order.

## II. JURISDICTION

District courts have jurisdiction to review appeals from final bankruptcy court judgments, orders, and decrees. 28 U.S.C. § 158(a). Here, the Bankruptcy Court's order being appealed is final. Therefore, this Court has jurisdiction.

## III. LEGAL STANDARD

Within the context of this case involving a bankruptcy court's fee order, the standard of review is that "an award of attorneys' fees in a bankruptcy proceeding will be reversed only if the court abused its discretion." *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883, 890 (11th Cir.1990). Such an abuse of discretion occurs "if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination or bases an award upon

4

findings of fact that are clearly erroneous." *Id.* As articulated by the Eleventh Circuit, "[f]or a factual finding to be 'clearly erroneous,' the Court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir.1998). Furthermore, "[w]here the evidence has two possible interpretations, the ... court's choice between them cannot be clearly erroneous." *Id.* Thus, the "clearly erroneous" standard has been characterized by the Eleventh Circuit as "a very high standard, and one we would rarely be likely to find, especially in a fees situation." *In re Hillsborough Holdings Corp.*, 127 F.3d 1398, 1401 (11th Cir. 1997) (emphasis added).

The Bankruptcy Court's findings of facts should not be set aside unless they are clearly erroneous. *Nordberg v. Arab Banking Corp.* (*In re Chase & Sanborn Corp*, 904 F.2d 588, 593 (11th Cir. 1990); *In re: T&B Gen. Contracting, Inc.*, 833 F.2d 1455, 1458 (11th Cir. 1987). A finding is clearly erroneous when although there is evidence to support it, the reviewing court, after weighing the entire evidence, is left with a definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer City. N.C.*, 470 U.S. 564, 573, (1985). According to that standard, this Court may reverse if its "review of the record as a whole leaves [it] with the definite and firm conviction that a mistake has been committed". *In re: Monetary Group*, 2 F.3d 1098, 1106 (11th Cir. 1993) (quoting to *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### IV. ANALYSIS

The issues presented in the Appeal are two-fold. First, Appellant asserts that the Bankruptcy Court abused its discretion when it denied Appellant's final fee application in its entirety. ECF No. [14], at 10-12. Second, Appellant asserts that the Bankruptcy Court made

clearly erroneous factual findings in conducting its analysis in the Order. *Id.* at 13-15. The Court will address each argument in turn.

### a. The Bankruptcy Court Did Not Abuse Its Discretion in Denying Moffa's Fee Application.

Appellant first argues that the Bankruptcy Court abused its discretion in denying Appellant's fee application. Appellant claims it is entitled to its fees because it was properly employed as counsel for the Debtor and "Appellant performed all services diligently, and such services were either necessary at the time of performance, or beneficial in that they assisted the Debtor in progressing the chapter 11 case." ECF No. [14], at 10. Appellant further argues that the Bankruptcy Court failed to properly consider the relevant factors when it evaluated Appellant's entitlement to reasonable costs, instead finding that the Appellant acted in its own self-interest. *Id.* at 11-12. Appellees United States Trustee Daniel McDermott and Spiro respond that the denial was proper given the apparent lack of corporate authority when Moffa initially filed the Petition for the Debtor, the several instances of conflicts of interest that arose regarding the Appellant's representation of the Trust, and the filing of the competing chapter 11 plan, which provided that Moffa would be the president of the Debtor. *See generally*, ECF Nos. [16], [17].

In rendering its decision to deny Appellant's fee application in its entirety, the Bankruptcy Court held as follows:

> Moffa & Breuer, PLLC must prove that their fees and costs were "beneficial at the time at which the service was rendered toward the completion of [this] case." 11 U.S.C. § 330(a)(3). "The court shall not allow compensation for . . . services that were not reasonably likely to benefit the debtor's estate." 11 U.S.C. § 330(4)(A). The Court finds that Moffa & Breuer, PLLC was unable to meet this burden because the weight of the evidence shows that Moffa & Breuer, PLLC brought a case to this Court without proper corporate authority and acted in their own self-interest, not in the interest of the Debtor. [D.E. 156 at 9; 299 at 12, 330]. Moffa & Breuer, PLLC's proposed Chapter 11 plan revealed that Moffa & Breuer, PLLC filed the bankruptcy case in an apparent attempt to place Mr. Moffa in control of the Debtor as President,

and the services rendered were done in the self-interest of Moffa & Breuer, PLLC. Thus, the Court shall deny the Final Fee Application [D.E. 231] in its entirety.

BK ECF No. [477], at 4.

"[A] bankruptcy judge's discretion in awarding compensation for services performed during bankruptcy proceedings deserves great deference." *In re Jennings*, 199 F. App'x 845, 847 (11th Cir. 2006). 11 U.S.C. § 328(c) permits a court to deny compensation to professionals found not to be disinterested persons. The relevant language of § 328(c) reads as follows:

> [T]he court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, *at any time* during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

11 U.S.C. § 328(c) (emphasis added).

Here, in its Order denying the fee application, the Bankruptcy Court made the explicit finding that Appellant acted in its "own self-interest, and not in the interest of the Debtor." BK ECF No. [477], at 4. The plain language of § 328(c) states that the Bankruptcy Court may deny compensation if such a finding is made. Thus, having made the determination that Appellant was not disinterested, this Court finds that the Bankruptcy Court was well within its discretion to deny Moffa's fee application. Accordingly, the Court disagrees with the Appellant that the Bankruptcy Court abused its discretion in denying the Appellant's fee application.

### b. *The Bankruptcy Court Did Not Make Clearly Erroneous Findings.*

Next, Appellant argues that the Bankruptcy Court's Order should be reversed because it made clearly erroneous findings. Specifically, Appellant contends that the Bankruptcy Court's finding that it acted in its own self-interest and without the proper corporate authority and further,

that Appellant filed the Bankruptcy in "an apparent effort to make Moffa the president of the Debtor" was in error  *Id.* at 13.

Reviewing for clear error, "findings of fact are not clearly erroneous unless, in light of all of the evidence, [the reviewing court is] left with the definite and firm conviction that a mistake has been made."  *Westgate Vacation Villas, Ltd. v. Tabas (Int'l Pharmacy & Discount II, Inc.)*, 443 F.3d 767, 770 (11th Cir. 2005).  As for Appellant's first contention, that the Bankruptcy Court's finding that Moffa acted in its own self-interests was clearly erroneous, this argument is without merit.  The Order explicitly references, and the record supports, that the Bankruptcy Court disqualified Moffa from its representation of the Debtor and the Trust ***on 4 different occasions*** in light of the existence of clear conflicts of interest relating to Moffa's representation.  *See* BK ECF Nos. [210], [250], [279], [330].  Despite the Bankruptcy Court's disqualification of Moffa in representing the Debtor and the Trust, it flagrantly disregarded the Court's Order and continued to represent the Trust.  This ultimately led to the Bankruptcy Court entering an Order to Show Cause as to why John A. Moffa, Esq. and Moffa & Breuer, PLLC should not be disciplined.  BK ECF No. [393].  As for the Bankruptcy Court's finding that Moffa acted in its own self-interest, the Court is not left with a "definite and firm conviction" that a mistake was made.  In fact, such a finding is directly supported by the record in the Bankruptcy Case.

Next, the Appellant's Brief is unclear whether it also claims that the Bankruptcy Court's finding that it lacked corporate authority to file the Bankruptcy Petition was clearly erroneous.  Nonetheless, this factual finding is clearly supported by the record, as evidenced by the ruling in the State Court Action, which found that "Martha Marchelos [had] no authority to unilaterally act on behalf of Fisherman's Pier, Inc."  ECF No. [5-4], at 317-321.  At the fee hearing, Appellant also testified ***that he was aware*** that there were orders that dealt with the issue of the stockholder

ownership. ECF No. [15], at 51 ("Q: [P]rior to taking the – this Chapter 11 case, did you review the orders, the multiple orders referred to by Judge Tuter in . . . January 2018 order, that dealt with the issue of the stockholder ownership? . . . A: Yes, I was aware that there were orders, yes."). Therefore, this finding made by the Bankruptcy Court was also supported by the record and is not clearly erroneous.

The Court next addresses the Appellant's challenge to the Bankruptcy Court's factual finding that the Appellant filed the Bankruptcy Petition in an apparent attempt "to place Mr. Moffa in control of the Debtor as President." However, this finding is confirmed by Appellant's own brief. Indeed, Appellant readily admits that it signed and filed the Trust's competing Chapter 11 plan, which sought to "install Moffa as the Debtor's president." ECF No. [14], at n. 8. Accordingly, to the extent that Appellant argues that no evidence would support the Bankruptcy Court's finding that this case was filed to install Moffa as the president of the Debtor, such argument is unavailing in light of its filing of the competing Chapter 11 plan. As there is evidence in the record supporting this factual finding, it was not clearly erroneous.

Taking the record as a whole, the Court concludes that there is sufficient evidence to support the Bankruptcy Court's findings of facts and declines Appellant's invitation to reweigh the evidence. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 565 (1985) ("[i]f the [trial court's] account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced it would have weighed the evidence differently").

Case No. 18-cv-62095-BLOOM

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Order, BK ECF No. [477], is **AFFIRMED**.

2. The Clerk of Court is directed to **TRANSMIT** notice of this Order to the Bankruptcy Court in accordance with all relevant rules and procedures and is further directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of May, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record